# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Deatrice White-Ahmed,     )
    )
    Plaintiff,     )
    )
v.     )     C.A. No. N18C-07-172 JRJ
    )
Rochelle D. Booker,     )
    )
    Defendant.     )

Date Submitted:     January 16, 2019
Date Decided:     February 5, 2019

## ORDER

**AND NOW TO WIT**, this __5th__ day of February, 2019, the Court having heard and duly considered the Defendant Rochelle D. Booker's Motion to Dismiss and Plaintiff's response thereto, **IT APPEARS THAT**:

1. Plaintiff Deatrice White-Ahmed has sued Rochelle D. Booker ("Booker") claiming she is "partly liable" for the death of Plaintiff's daughter, Whitney White ("White").[1] Booker denies she is in any way responsible for White's death and has filed a Motion to Dismiss the Complaint.[2]

2. According to Plaintiff, Booker failed to lock the door of the residence where White was staying. White's cell phone was stolen because the door was unlocked. Booker told White that Martin Taylor stole White's phone. When

---

[1] Complaint, Trans. ID 62260116.
[2] Amended Answer ("Booker Answer"), Trans. ID 62759707. The Plaintiff and Booker are self-represented.

White went to see Martin Taylor to retrieve her phone, Martin Taylor murdered White.[3]

3.  While not expressly stated in the Complaint, Plaintiff alleges a wrongful death claim against Booker.

4.  Pursuant to 10 *Del. C.* § 3724, an action for wrongful death "shall be for the benefit of the spouse, parent, child, and siblings of the deceased person."[4]  Only one action under the subchapter lies in respect to the death of a person.[5]  The Wrongful Death statute states, in pertinent part:

> In an action under this subchapter, damages may be awarded to the beneficiaries proportioned to the injury resulting from the wrongful death.  The amount recovered shall be divided among the beneficiaries in shares directed by the verdict.[6]
>
> In fixing the amount of damages to be awarded under this subchapter, the court or jury shall consider all the facts and circumstances and from them fix the award at such sum as will fairly compensate for the injury resulting from the death.  In determining the amount of the award the court or jury may consider the following:
>
> (1)  Deprivation of the expectation of pecuniary benefits to the beneficiary or beneficiaries that would have resulted from the continued life of the deceased;
>
> (2)  Loss of contribution for support;

---

[3] *Id.*
[4] 10 *Del. C.* § 3724(a).
[5] 10 *Del. C.* § 3724(e).
[6] 10 *Del. C.* § 3724(c).

(3) Loss of parental, marital and household services, including the reasonable cost of providing for the care of minor children;

(4) Reasonable funeral expenses not to exceed $7,000, or the amount designated in § 5546(a) of Title 29, whichever is greater;

(5) Mental anguish resulting from such death to the surviving spouse and next-of-kin of such deceased person. However, when mental anguish is claimed as a measure of damages under this subchapter, such claim for mental anguish will be applicable only to the surviving spouse, children and persons to whom the deceased stood in *loco parentis* at the time of the injury which caused the death of the deceased, parents and persons standing in *loco parentis* to the deceased at the time of the injury which caused the death of the deceased (if there is no surviving spouse, children or persons to whom the deceased stood in *loco parentis*), and siblings (if there is no surviving spouse, children, persons to whom the deceased stood in *loco parentis* at the time of the injury, parents or persons standing in *loco parentis* to the deceased at the time of the injury which caused the death of the deceased).[7]

5. In determining whether Plaintiff's Complaint fails to state a claim, the Court is mindful that a pleading filed by a self-represented ("pro se") plaintiff is "judged by a less stringent standard than a pleading or document filed by an attorney."[8]

6. As for the requirement of Super. Ct. Civ. R. 8(b)(1), Plaintiff's Complaint contains a "short and plain statement of the claim" showing that she is entitled to

---

[7] 10 *Del. C.* § 3724(d).

[8] *Johnston v. State*, 442 A.2d 1362, 1364 (Del. 1982) (citation omitted) (internal quotation omitted); *Batchelor v. Alexis Properties*, 2018 WL 5919683, at *7 (Del. Super. 2018).

relief. As for the requirement of Super. Ct. Civ. R. 8(b)(2), the Complaint is vague and lacking in detail as to what damages Plaintiff seeks, and is entitled to, as a result of her daughter's death.[9] Notwithstanding this, because the Complaint puts the opposing party on notice of the claim being brought against her, the Court will not dismiss the claim under Super. Ct. Civ. R. 12(b)(6) at this time.[10]

**WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS**: Booker's Motion to Dismiss is **DENIED without prejudice**, and **Plaintiff shall file a more definite statement setting forth the damages she claims for the wrongful death of Whitney White by no later than March 4, 2019.**[11]

Jan R. Jurden, President Judge

Original to Prothonotary:

cc:    Deatrice White-Ahmed
       Rochelle D. Booker

---

[9] Super. Ct. Civ. R. 8(a)(2) states: "[a] pleading which sets forth a claim for relief…shall contain a demand for judgment for the relief to which the party deems itself entitled."

[10] *See Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 407 (Del. 1995) (finding a complaint that is vague and lacking in detail is still well-pleaded "if it puts the opposing party on notice of the claim being brought against it"); *See also Eureka Resources, LLC v. Range Resources-Appalachia, LLC*, 62 A.3d 1233, 1242 (Del. Super. Ct. 2012) (stating that in the context of a motion to dismiss, the "Court's perspective must be influenced by the liberal notice pleading standards that are a hallmark of our civil rules, and the deference the Court is obliged to give to plaintiffs when determining whether they have plead viable claims").

[11] *See* 10 *Del. C.* § 3724. The Plaintiff must serve Ms. Booker a copy of the filing pursuant to Superior Ct. Civ. R. 5(b).

4